**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 21-4448**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ASOMAH MAAMAH,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge. (1:21-cr-00167-GLR-1)

Submitted: April 14, 2022                    Decided: April 18, 2022

Before DIAZ and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Justin Eisele, SEDDIQ LAW FIRM, Rockville, Maryland, for Appellant. Judson T. Mihok, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Asomah Maamah pled guilty, pursuant to a written plea agreement, to conspiracy to knowingly transport stolen vehicles, in violation of 18 U.S.C. §§ 371, 2312, and knowingly transporting stolen vehicles, in violation of 18 U.S.C. § 2312. The district court sentenced Maamah to 84 months' imprisonment, in accordance with his stipulated agreement under Fed. R. Crim. P. 11(c)(1)(C). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning the substantive reasonableness of Maamah's sentence. Maamah has filed a supplemental pro se brief, challenging the Sentencing Guidelines loss amount enhancement applied to him. The Government has elected not to file a brief and does not seek to enforce the appeal waiver in Maamah's plea agreement.[1] We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If there are no

---

[1] Because the Government fails to assert the appeal waiver as a bar to this appeal, we may consider the issues raised by counsel and Maamah and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id.* at 51. "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Here, the district court correctly calculated Maamah's advisory Guidelines range,[2] heard argument from counsel, provided Maamah an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the sentence stipulated in the Rule 11(c)(1)(C) agreement. Because Maamah has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence. *Id.* at 306. We therefore conclude that Maamah's sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Maamah, in writing, of the right to petition the Supreme Court of the United States for further review. If Maamah requests that a petition

---

[2] We have reviewed the factual findings underlying the district court's application of the Guidelines loss amount enhancement pursuant to U.S. Sentencing Guidelines Manual § 2B1.1(b)(1)(H) (2018) for clear error and the legal conclusions de novo and find no error. *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018).

3

be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Maamah. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*